## STODDARD v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. May 11, 1914.)

### No. 3951.

1. PUBLIC LANDS (§ 19*)—INCLOSURE—UNLAWFUL FENCES.

Where a fence was so constructed by defendant that in combination with natural barriers it constituted a complete obstruction to the passage of range stock from the township east into township 138, which contained public lands open for grazing, it constituted a violation of Act Cong. Fed. 25, 1885, c. 149, § 3, 23 Stat. 321 (U. S. Comp. St. 1901, p. 1524), providing that no person by fencing or inclosing shall prevent or obstruct any person from peaceably entering upon or establishing a settlement or residence upon any tract of public land subject to settlement or entry under the land laws of the United States, or shall prevent or obstruct free passage or transit over or through public lands; such section not being limited to the passage of individuals, but requiring that the lands also be left open to the passage of stock.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 25, 26; Dec. Dig. § 19.*]

2. PUBLIC LANDS (§ 19*)—FENCES—CONSTRUCTION.

Where a fence in combination with natural barriers was so constructed as to completely obstruct the passage of range stock from one township to another, containing public lands, it was illegal, though it was built entirely on land belonging to defendant, in which the government had no interest.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 25, 26; Dec. Dig. § 19.*]

Appeal from the District Court of the United States for the District of North Dakota; Charles F. Amidon, Judge.

Bill by the United States against John B. Stoddard. Judgment for the United States, and defendant appeals. Affirmed.

This was a bill in equity, brought by the United States under the provisions of the act of Congress approved February 25, 1885 (23 Stat. 321, c. 149 [U. S. Comp. St. 1901, p. 1524]), to enjoin the defendant, the appellant here, from obstructing the free transit over and through certain public lands of the United States. The particular charge against the defendant was that he constructed and maintained a barbed-wire fence along or near to the eastern boundary line of township 138 north, range 103 west of the fifth principal meridian, so that it, taken in connection with certain buttes or gullies on the surface of the land, formed an effective obstruction to the free passage of range cattle and horses into and upon the public lands lying within that township, thereby preventing the ranchers living on the adjacent eastern township from enjoying the privilege of a free range for their cattle and horses and appropriating the grazing privilege to their own use. The answer

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

admitted the erection of certain fences in connection with the natural conditions of the surface of the ground for the purpose of protecting defendant's stock while being pastured and herded, but denied that the same constituted an unlawful obstruction within the meaning of the act of Congress. The case was heard on its merits, and an injunctive order was granted, requiring the defendants within a fixed time to make certain specified openings in the fence which he had erected, and in case of failure to do so that the United States marshal remove the fence at the cost of the defendant. From this decree the defendant appealed to this court.

. W. F. Burnett, of Dickinson, N. D., for appellant.

Edward Engerud, of Fargo, N. D. (M. A. Hildreth, of Fargo, N. D., on the brief), for appellee.

Before HOOK, ADAMS, and SMITH, Circuit Judges.

ADAMS, Circuit Judge (after stating the facts as above). The facts as disclosed by the record are substantially these:

The defendant was the owner by mesne conveyance from the Northern Pacific Railroad Company, the original grantee from the government, of all the odd-numbered sections in township 138, and was the lessee and had the right of possession of two other sections of land in that township. The even-numbered sections, embracing about 7,000 acres of land, were still unoccupied public lands.

In the year 1912, before the defendant built the fence complained of, the condition of things was this: A fence or series of fences extended from section 36 in the southeast corner of the township along its southern boundary line and to its southwest corner, and the defendant owned or controlled substantially all the lands adjacent to and extending along the northern line of the township. Section 1 in the northeast corner of the township was inclosed by a fence, and on section 24, near the middle of the eastern boundary line of the township, there was a homestead entry inclosed by a fence. The defendant was lessee from the state of North Dakota of section 36 in the southeast corner of the township.

In that year the defendant put up a barbed-wire fence, commencing near the southwest corner of section 1, running thence in a southerly direction near to the eastern line of section 11, to the side of a precipitous butte located about midway the eastern line of the section; thence southerly from the southern edge of this butte to the southeast corner of section 11, where it connected with another butte; thence from the eastern side of the last-mentioned butte, along and near to the northern line of section 13, to the eastern boundary line of the township; thence southerly along this eastern boundary line to a fence surrounding a homestead entry in the northeast quarter of section 24; from about the southwest corner of this homestead entry a crescent-shaped butte extended in a southeasterly direction to a point near to the northeast corner of section 25; from the south end of this butte the defendant constructed his fence to the northeast corner of section 25, thence southerly along the eastern line of that section to a gully, thence from the south end of the gully along or near to the eastern boundary line of section 36, to a connection with the fence constructed along the southern boundary line of the township.

The defendant's testimony tended to show that he left certain openings in the fence, and he claims that these openings afforded adequate means for the passage of stock into the township; but the government contends that the fences were so constructed in connection with precipitous buttes and impassable gullies just referred to, as to create an effective obstruction to the free range of stock from the township lying immediately east and thereby to appropriate the grazing privileges of township 138 exclusively to the use of the defendant.

[1] Did the fence as constructed constitute an obstruction within the meaning of the law? Section 3 of the act of February 25, 1885, provides:

"That no person, by force, threats, intimidation, or by any fencing or enclosing, or any other unlawful means, shall prevent or obstruct * * * any person from peaceably entering upon or establishing a settlement or residence on any tract of public land subject to settlement or entry under the public land laws of the United States, *or shall prevent or obstruct free passage or transit over or through the public lands.*"

The trial court found that the fence was so built that, in combination with natural barriers, it constituted a complete obstruction to the passage of range stock from the township east into township 138. Careful consideration of the evidence produced and of the physical facts of the case convinces us that the learned trial judge was clearly right in that finding.

We cannot follow the location and course of the fence, and observe its connection with the buttes and gullies on the land, without discerning a manifest design on the part of defendant to so utilize the two as to form one continuous barrier along the eastern portion of the township to all free grazing by outside ranchers occupying the lands on the east of the township. The defendant in his own testimony in effect admits that in building the fence he had the double purpose of preventing his own cattle from drifting and protecting the range from outside cattle, and we think he can be accorded the credit of accomplishing his purpose very well. The contention that the openings left by him at different places in the fence were adequate for the free passage of stock into the township is not, in our opinion, sustained by the proof.

Defendant's counsel make an argument that section 3 of the act of Congress of 1885, when properly construed, does not forbid the obstruction of free passage or transit over or through the public lands of *stock,* but that the obstruction referred to is the obstruction of free passage or transit over the public lands of *persons* only. That argument rests on this: That as a clause in the forepart of section 3 provides against preventing or obstructing "*any person* from peaceably entering upon or establishing a settlement" etc., therefore that the later clause "or shall prevent or obstruct free passage or transit over or through the public lands" must relate back to the word "person" and be treated as if it read in this way, "or shall prevent or obstruct free passage or transit of *any person*" through the public lands, etc. We think this is a forced and unwarrantable construction of the language employed. The act, in our opinion, was intended to prevent the obstruction of free passage or transit for any and all lawful purposes over public

lands. It is a well-known fact that the free herding and grazing of cattle on the public lands is a legitimate use to which they may be put, and we think Congress must have had the preservation and protection of this use in mind in the enactment under consideration.

[2] It is also argued that as the defendant built his fence on his own land, and not upon land belonging to the government, he did no more than he had the lawful right to do with his own. This argument is fully answered by the case of Camfield v. United States, 167 U. S. 518, 17 Sup. Ct. 864, 42 L. Ed. 260. See, also, Golconda Cattle Co. v. United States, 119 C. C. A. 519, 201 Fed. 281. The fence, in our opinion, as constructed by him, effectually accomplished the purpose intended by him, and as effectually served the purpose of thwarting the obvious intent of the act. It in fact prevented and obstructed the free passage over the public lands by ranchers and their stock, and, except for the relief granted by the court below, would permit the defendant to enjoy a monopoly of the grazing on the public lands within township 138.

We think the decree below was right and it is affirmed.